**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-40311**
**Summary Calendar**
_____

**HARTENSE M. CARTER,**

**Plaintiff-Appellee,**

**versus**

**ISP TECHNOLOGIES, INC.,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(G-01-CV-68)**
_____

August 19, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

For her race discrimination claim, Hartense Carter appeals an adverse summary judgment for failure to establish a necessary element of her *prima facie* case — that, when she was terminated, she was qualified for the position. *See* ***McDonnell Douglas Corp. v. Green***, 411 U.S. 792, 802 (1973); ***Sreeram v. Louisiana State Univ. Med. Ctr. - Shreveport***, 188 F.3d 314, 318 (5th Cir. 1999).

Carter was hired by ISP Technologies, Inc., in 1991; fell while at work in 1997, injuring her knee; and began a leave of absence in May 1998 to have knee surgery. Because of continuing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pain, she had three surgeries, the last just prior to 25 November 1998.

Carter attempted to return to work in March 1999 but was unable to perform her duties. On 22 June 1999, ISP informed Carter that company policy required her termination because she was disabled more than 26 weeks.

It is undisputed that Carter was not physically qualified for her position on both the date she was eligible for termination (after receiving 26 weeks of disability benefits) and the date she was terminated. Because Carter was not physically qualified for her position when she was terminated, her *prima facie* case of discrimination fails. *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994).

*AFFIRMED*